Banks *v.* Walker.

reason was given for the omission of the others to join in sign-ing and acknowledging it. Nor did it appear from the report that all the commissioners met together and consulted upon the matter of the partition.

*J. Rhoades,* for complainant.

The CHANCELLOR decided, that the report should be signed by all the commissioners; or if not signed and acknowledged by all, it should state the reasons for the omission. And that it ought to appear from such report that all the commissioners met together and consulted upon the matter of the partition; where a sufficient reason is given for the report being signed by a part only. He also decided that where a share of premises partitioned is set off to a lunatic, or to an habitual drunkard, who has a committee appointed by this court, the title is vested in the lunatic, or drunkard, and not in his committee. (*See 2 R. S.* 246, § 28, 29, 31, 32.)

BANKS and others *vs.* WALKER and others.

The affidavit of merits, in a mortgage case, under the 91st rule, need not be made by the defendant himself. It is sufficient if it be made by his solicitor.

THIS was a mortgage case of the fourth class.

*W. S. Sears,* for the complainants, claimed that it was entitled to a preference over other causes of the same class, on the ground that there had been no valid affidavit of merits filed, as required by the 91st rule. An affidavit had been filed; but it was not made by the defendant himself, but by his solicitor.

*J. R. Whiting,* for the defendant, insisted that it was not necessary the affidavit should be made by the defendant; but

that it was sufficient if made by his solicitor, who frequently knew more about the facts than the party himself.

THE CHANCELLOR decided that the affidavit was sufficient, to prevent the cause from being taken up out of its order upon the calendar.

---

THE BANK OF UTICA *vs.* FINCH and others.

Rights of a purchaser from a defendant in a foreclosure suit, who purchases after decree *pro confesso.*
Effect of amending bill after the original bill is taken as confessed.

*John Ganson,* for the complainants.

*A. Taber & M. T. Reynolds,* for the defendants.

The CHANCELLOR decided that a person who purchases property from a defendant in a foreclosure suit, after the bill has been taken as confessed against him, takes such property subject to all the rights of the complainant; and is bound by the admission made by such defendant in suffering the bill to be taken as confessed against him. That where an original bill is taken as confessed, and an amended bill is subsequently filed, making other persons parties, the order *pro confesso* is thereby opened.